Robert F. Croskery, Esq.
0064802

**IN THE COURT OF COMMON PLEAS**
**HAMILTON COUNTY, OHIO**

**JAIME HAWN**
**10189 Hamlet Ct.**
**Union, Kentucky 41091**

**Plaintiffs**

**vs.**

**VITAS HEALTHCARE**
**255 East Fifth St.**
**Cincinnati, Ohio 45202**
**c/o Statutory Agent Corporation Service Company**
**50 West Broad St., Suite 1330**
**Columbus, Ohio 43215**

**Defendant**

**Case No. ____________________**

**Judge ____________________**

**COMPLAINT WITH JURY DEMAND**

**(PRAECIPE TO CLERK ATTACHED)**

---

## PARTIES

1. Plaintiff, Jaime Hawn ("HAWN") is a female citizen of the United States and a resident of the Commonwealth of Kentucky, residing at the address listed in the Caption.

2. Defendant, Vitas Healthcare Corporation of Ohio, ("VITAS") is a for profit foreign corporation, registered to do business in Ohio, operating a business at 255 East Fifth Street. Defendant Vitas is company with around 12,000 employees, which around 200 are management and the rest are healthcare workers engaged in Hospice; Plaintiff Hawn was a management employee working in the Cincinnati office.

## FACTS



EXHIBIT A
Blumberg No. 5119

3. Plaintiff, Jaime Hawn started as an employee of Defendant Vitas, in October 2014.

4. Plaintiff Hawn, prior to working for Defendant, worked for a male direct supervisor named Andy Gallimore at a third party company. When Any Gallimore was hired to work at Vitas, he in turn hired Plaintiff..

5. A first, Plaintiff Jaime Hawn worked in IT at Defendant Vitas as a direct report to Andy Gallimore.

6. In October 2016, Andy Gallimore left Defendant Vitas. Plaintiff Hawn was selected by Defendant to fill the position. Prior to his departure, Andy Gallimore had been making approximately $140,000.00 a year.

7. Andy Gallimore had four direct reports, and Plaintiff Hawn maintained the same four direct reports and responsibilities that Andy Gallimore had been responsible for doing, but in addition took did substantial work relating to the company's budget.

8. In other words, Plaintiff Jaime Hawn was doing substantially the same job as Andy Gallimore, but was being paid considerably less, approximating a $50,000.00 a year difference. There was no legitimate business reason for this apart from gender.

9. Plaintiff Jaime Hawn had two male supervisors in Miami, Florida, a Chief Technical Officer, and also a Chief Information Officer. Steve Smith was the Chief Technical Officer and Patrick Hale was the Chief Information Officer.

10. The Chief Technical Officer and Chief Information Officer and other male members of the IT leadership team, began making jokes about Jaime Hawn, calling her bimbo, and alleging, falsely that the only reason she was still employed was because she slept with the male Chief Executive Officer, Nick Westfall. During video conferencing, Jaime Hawn came to

understand that when she was speaking or talking, her male supervisors put their video conference on mute and often make fun of her.

11. Plaintiff Hawn complained about this offensive conduct of her male supervisors regarding her alleged sexual actions in November 2017. Moreover, she complained that she had not been given an adequate raise, as she was doing the same job that Andy Gallimore had done, and more. However, in spite of her complaints, her salary was not adjusted to align with her new role and additional responsibilities.

12. Soon after Plaintiff Jaime Hawn complained, she was moved into a supernumerary position with a position description that had no valid specific requirements.

13. In addition, while operating in the operational realm, Plaintiff Hawn continually discovered times when the company was engaging in either financial or operational improprieties, which she complained about to the supervisors.

14. For example, Plaintiff Hawn discovered, in her role, that the company was accepting patients in order to maximize income even without the proper facilities, personnel, or ability to treat them properly, resulting in potential disruptions to patient care, and risks of patient fatality. She promptly made written reports to her supervisors pointing out the lack of ability to do proper patient care, but met with resistance based on the concern by the company to maximize profit even at the expense of patient care.

15. Plaintiff also underwent treatment for a brain tumor during this period.

16. On October 31, 2018, Plaintiff Jaime Hawn was abruptly discharged by the company for no legitimate reason, simply with the statement that she was "not a good fit."

17. In discharging Plaintiff Jaime Hawn, upon information and belief, the company intentionally falsified her paid time off, claiming, incorrectly, that she had used more paid time off than was available, and therefore docked her pay check.

**COUNT I – GENDER DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF THE EQUAL PAY ACT, 29 USC 206(d)(1)**

18. Plaintiff realleges all the foregoing paragraphs as if fully rewritten herein.

19. Defendant Vitas Healthcare has engaged in gender discrimination against the female Plaintiff, by paying her smaller wages than the wages of an male comparator, working in the same job, the performance of which require equal skill, effort, and ability, such disparity not based on merit, seniority, or other permissible factors.

20. Because the discrimination has been willful, Plaintiff is entitled to her back pay in an amount that is equal to discrepancy in pay for the past three years, as well as her costs and reasonable attorney fees.

**COUNT II – GENDER DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF 4111.17 O.R.C. (Ohio Equal Pay Act)**

21. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

22. Defendant Vitas Healthcare has engaged in gender discrimination against the female Plaintiff, by paying her smaller wages than the wages of a male comparator, working in the same job, the performance of which require equal skill, effort, and ability, such disparity based neither on ability nor seniority.

23. Plaintiff is entitled to her back pay in an amount that is equal to that paid to Andy Gallimore, double damages, and her costs and reasonable attorney fees from Defendant in accordance with 4111.17 (D).

**COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY OF OHIO AS EXPRESSED IN 4723.33 OHIO REVISED CODE**

24. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

25. There is a strong public policy in Ohio that patients should be given the best possible medical care, and not disrupted by lack of resources and personnel. Moreover, health care workers are protected for attempting to meet such requirements. Such public policy is expressed in Ohio Revised Code 4723.33, which forbids retaliation against certain health care workers for complaints.

26. The discharge of Plaintiff Jaime Hawn was, in part, because of her complaints about fiscal improprieties and her complaints seeking that patients get sufficient care, which would hurt the Defendant's bottom line, but increase patients prospects for survival and proper care.

27. As a result of this wrongful discharge in violation of public policy, the Plaintiff has incurred emotional distress damages, pain and suffering, loss of back pay, front pay, and will continue to incur such expenses in future.

28. Because Defendant's conduct was malicious, and in violation of significant fundamental rights, the Plaintiff is entitled to punitive damages and attorney fees in an amount sufficient to deter such conduct in the future.

**COUNT IV: HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF 4112.02 O.R.C., ENFORCEABLE THROUGH 4112.99 O.R.C.**

29. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

30. The Defendant's actions in allowing and sanctioning improper comments about Plaintiff Jaime Hawn's conduct, and then moving her out of her position into a supernumerary position as a result, amounts to retaliation for complaining of sexual harassment, and also to

sexual harassment, in violation of section 4112.02 of the Ohio Revised Code.

31. Eventually Plaintiff Jaime Hawn was wrongfully discharged, in part because of her complaints.

32. Because of the conduct of Defendant, Plaintiff has suffered compensatory damages, emotional distress, pain and suffering, loss of back pay, front pay, and is entitled to compensatory damages in an amount sufficient to restore her to what she would have otherwise have received, as well as emotional distress damages.

33. Because the conduct of Defendant was malicious, and in substantial disregard for Plaintiff's fundamental rights, she is entitled to punitive damages and the reasonable costs and attorney fees.

**COUNT V: WRONGFUL DISCHARGE VIOLATION OF THE OHIO WHISTLEBLOWER ACT, OHIO REVISED CODE 4113.51-3**

34. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

35. Defendants conduct violates the Ohio Whistleblower Act, Ohio Revised Code 4113.51 et seq., in that Plaintiff complained, in writing, of actions of the Defendant calculated to endanger the health and/or safety of the public, and that her complaint, in part, was the motivation for her termination.

36. As a result of the violation of the Ohio Whistleblower's Act, Plaintiff is entitled to reinstatement to her job, back pay, and attorney fees.

**COUNT VI: ADVERSE ACTION AGAINST PLAINTIFF IN VIOLATION OF 4112.02 O.R.C. AS RETALIATION FOR COMPLAINING OF SEXUAL HARASSMENT**

37. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

38. The Defendant's actions in moving her out of her position into a supernumerary

position and discharging Plaintiff were motivated, in part, as retaliation for her complaining of sexual harassment, in violation of section 4112.02 of the Ohio Revised Code.

39. Because of the conduct of Defendant, Plaintiff has suffered compensatory damages, emotional distress, pain and suffering, loss of back pay, front pay, and is entitled to compensatory damages in an amount sufficient to restore her to what she would have otherwise have received, as well as emotional distress damages.

40. Because the conduct of Defendant was malicious, and in substantial disregard for Plaintiff's fundamental rights, she is entitled to punitive damages and her reasonable costs and attorney fees.

**COUNT VII: WRONGFUL DISCHARGE IN VIOLATION OF 4112.02 O.R.C. AS RETALIATION FOR AND FOR ACTUAL OR PERCEIVED DISABILITY**

41. Plaintiff realleges paragraphs 1-17 as if fully rewritten herein.

42. The Defendant's actions in moving her out of her position into a supernumerary position and discharging Plaintiff were motivated, in part, by Plaintiff's actual or perceived disability related to her brain tumor and treatment for a brain tumor, in violation of section 4112.02 of the Ohio Revised Code.

43. Because of the conduct of Defendant, Plaintiff has suffered compensatory damages, emotional distress, pain and suffering, loss of back pay, front pay, and is entitled to compensatory damages in an amount sufficient to restore her to what she would have otherwise have received, as well as emotional distress damages.

44. Because the conduct of Defendant was malicious, and in substantial disregard for Plaintiff's fundamental rights, she is entitled to punitive damages and her reasonable costs and attorney fees.

## PRAYER FOR RELIEF

WHEREFORE, having fully pleaded her cause, Plaintiff respectfully requests that this Honorable Court award her reinstatement, compensatory damages against Defendant in an amount to be determined in excess of $25,000.00, her back pay, front pay, emotional distress damages, and that this Court also award punitive damages in an amount sufficient to deter such conduct in the future, as well as her costs and attorney fees in this action and any and all such other relief as this Court or a jury may direct.

Respectfully submitted,

***/s/ Robert F. Croskery***
Robert F. Croskery (0064802)
Trial Attorney for Plaintiff
Croskery Law Offices
3905 Eastern Ave, Suite 200
Cincinnati, OH 45202
Phone: (513) 232-LAWS (5297)
Fax: (513) 426-7372
rcroskery@croskerylaw.com

Of Counsel:
Croskery Law Offices
Melinda E. Knisley (002662)
3905 Eastern Ave., Suite 200
Cincinnati, OH 45226
Phone: (513) 232-LAWS (5297)
Fax: (513) 426-7372

## JURY DEMAND

Plaintiff respectfully requests trial by a jury of eight to hear the within cause.

***/s/ Robert F. Croskery***
Robert F. Croskery (0064802)

**PRAECIPE TO CLERK:**

Serve Summons and Complaint by certified mail; if refused, then ordinary mail.

***/s/ Robert F. Croskery***
Robert F. Croskery (0064802)