UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

|  |  |
|---|---|
| JAIME HAWN,<br><br>      Plaintiff,<br><br> vs.<br><br><br><br>VITAS HEALTHCARE,<br><br>      Defendant. | )<br>)<br>)<br>)<br>) Case No. 1:19cv220-MRB-SKB<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## DEFENDANT VITAS HOSPICE SERVICES, L.L.C.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Vitas Hospice Services, L.L.C. ("Vitas" or "Defendant"), incorrectly sued as Vitas Healthcare, by and through its undersigned counsel, hereby answers Plaintiff's Complaint as follows:

### PARTIES

1. Vitas admits the allegations in Paragraph 1 of the Complaint.

2. Vitas denies the allegations in Paragraph 2 of the Complaint.

### FACTS

3. Vitas admits the allegations in Paragraph 3 of the Complaint.

4. Vitas admits it hired Andy Gallimore as Senior Director of the Business Process Improvement Center in June 2014. Vitas is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 4 of the Complaint and therefore denies the same.

5. Vitas admits Plaintiff was hired as Director of Portfolio Management. Vitas further admits Plaintiff reported to Andy Gallimore. Vitas denies the remaining allegations in Paragraph 5 of the Complaint.

6. Vitas admits Andy Gallimore left Vitas in July 2016 when his position with Vitas was eliminated. Vitas denies the remaining allegations in Paragraph 6 of the Complaint.

7. Vitas denies the allegations in Paragraph 7 of the Complaint.

8. Vitas denies the allegations in Paragraph 8 of the Complaint.

9. Vitas admits that Patrick Hale was the Chief Information Officer. Vitas further admits that Steven Smith was the VP Chief Technology Officer. Vitas denies the remaining allegations in Paragraph 9 of the Complaint.

10. Vitas denies the allegations in Paragraph 10 of the Complaint.

11. Vitas admits Plaintiff raised alleged concerns about her work environment. Vitas denies the remaining allegations in Paragraph 11 of the Complaint.

12. Vitas denies the allegations in Paragraph 12 of the Complaint.

13. Vitas denies the allegations in Paragraph 13 of the Complaint.

14. Vitas denies the allegations in Paragraph 14 of the Complaint.

15. Vitas is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint and therefore denies the same.

16. Vitas admits Plaintiff was discharged on October 31, 2018 due to among things, serious issues with Plaintiff's job performance. Vitas denies the remaining allegations in Paragraph 16 of the Complaint.

17. Vitas denies the allegations in Paragraph 17 of the Complaint.

## COUNT I: GENDER DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF THE EQUAL PAY ACT, 29 USC 206(d)(1)

18. Vitas incorporates by reference Paragraphs 1-17 as if fully set forth herein.

19. Vitas denies the allegations in Paragraph 19 of the Complaint.

20. Vitas denies the allegations in Paragraph 20 of the Complaint.

## COUNT II: GENDER DISCRIMINATION IN PAYMENT OF WAGES IN VIOLATION OF 4117.17 O.R.C. (Ohio Equal Pay Act)

21. Vitas incorporates by reference Paragraphs 1-20 as if fully set forth herein.

22. Vitas denies the allegations in Paragraph 22 of the Complaint.

23. Vitas denies the allegations in Paragraph 23 of the Complaint.

## COUNT III: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY OF OHIO AS EXPRESSED IN 4723.33 OHIO REVISED CODE

24. Vitas incorporates by reference Paragraphs 1-23 as if fully set forth herein.

25. Paragraph 25 of the Complaint contains a legal conclusion to which no response is required. To the extent a response is deemed necessary, Vitas states that Paragraph 25 of Plaintiff's Complaint attempts to paraphrase or characterize the contents of Ohio Revised Code 4723.33. Vitas further states that Ohio Revised Code 4723.33 speaks for itself, and denies the allegations to the extent they are inconsistent with Ohio Revised Code 4723.33. Vitas denies the remaining allegations in Paragraph 25 of the Complaint.

26. Vitas denies the allegations in Paragraph 26 of the Complaint.

27. Vitas denies the allegations in Paragraph 27 of the Complaint.

28. Vitas denies the allegations in Paragraph 28 of the Complaint.

## COUNT IV: HOSTILE ENVIRONMENT SEXUAL HARASSMENT IN VIOLATION OF 4112.02 O.R.C., ENFORCEABLE THROUGH 4112.99 O.R.C.

29. Vitas incorporates by reference Paragraphs 1-28 as if fully set forth herein.

30. Vitas denies the allegations in Paragraph 30 of the Complaint.

31. Vitas denies the allegations in Paragraph 31 of the Complaint.

32. Vitas denies the allegations in Paragraph 32 of the Complaint.

33. Vitas denies the allegations in Paragraph 33 of the Complaint.

**COUNT V: WRONGFUL DISCHARGE IN VIOLATION OF THE OHIO WHISTLEBLOWER ACT, OHIO REVISED CODE 4113.51-3**

34. Vitas incorporates by reference Paragraphs 1-33 as if fully set forth herein.

35. Vitas denies the allegations in Paragraph 35 of the Complaint.

36. Vitas denies the allegations in Paragraph 36 of the Complaint.

**COUNT VI: ADVERSE ACTION AGAINST PLAINTIFF IN VIOLATION OF 4112.02 O.R.C. AS RETALIATION FOR COMPLAINING OF SEXUAL HARASSMENT**

37. Vitas incorporates by reference Paragraphs 1-36 as if fully set forth herein.

38. Vitas denies the allegations in Paragraph 38 of the Complaint.

39. Vitas denies the allegations in Paragraph 39 of the Complaint.

40. Vitas denies the allegations in Paragraph 40 of the Complaint.

**COUNT VII: WRONGFUL DISCHARGE IN VIOLATION OF 4112.02 O.R.C. AS RETALIATION FOR AND FOR ACTUAL OR PERCEIVED DISABILITY**

41. Vitas incorporates by reference Paragraphs 1-40 as if fully set forth herein.

42. Vitas denies the allegations in Paragraph 42 of the Complaint.

43. Vitas denies the allegations in Paragraph 43 of the Complaint.

44. Vitas denies the allegations in Paragraph 44 of the Complaint.

45. Vitas denies the allegations in Plaintiff's Prayer for Relief and denies Plaintiff is entitled to the relief requested.

46. Vitas denies each and every allegation in the Complaint not specifically admitted.

## DEFENSES AND AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### SECOND DEFENSE

One or more of Plaintiff's claims and/or allegations is barred by the applicable statute of limitations.

### THIRD DEFENSE

Plaintiff has failed to mitigate her damages.

### FOURTH DEFENSE

One or more of Plaintiff's claims are barred by waiver, estoppel, laches and/or unclean hands.

### FIFTH DEFENSE

Plaintiff's alleged damages are speculative and thus unavailable as a matter of law.

### SIXTH DEFENSE

Plaintiff failed to exhaust her administrative remedies.

### SEVENTH DEFENSE

Vitas relies on all defenses express or implied contained in Ohio Revised Code § 4113.52

### EIGHTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because each action taken by Vitas with regard to Plaintiff was based on legitimate, non-discriminatory and non-retaliatory reasons.

### NINTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, because each action taken by Vitas with regard to Plaintiff's salary and compensation was based on legitimate, job-related factors.

### TENTH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, by the Faragher-Ellerth defense.

### ELEVENTH DEFENSE

An award of front pay would be inequitable.

### TWELFTH DEFENSE

An award of punitive damages in this case would be unconstitutional.

### FOURTEENTH DEFENSE

Plaintiff lacks a good faith basis for her claims, in whole or in part, entitling Vitas to attorneys' fees, costs and expenses incurred in defending this action.

### FIFTEENTH DEFENSE

Plaintiff's damages are subject to offset.

### SIXTEENTH DEFENSE

Plaintiff has no right to a jury on certain causes of actions asserted in her Complaint.

### SEVENTEENTH DEFENSE

Vitas reserves the right to assert additional defenses as they become available or apparent during the course of this litigation.

WHEREFORE, Vitas respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, award it attorneys' fees and costs for responding to Plaintiff's Complaint, and grant all other relief just and proper in the premises.

Respectfully submitted,

s/Gregory A. Harrison
Gregory A. Harrison (0029814)
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
greg.harrison@dinsmore.com

*Trial Attorney for Vitas Hospice Services, L.L.C.*

Faith C. Whittaker
Abby E. Chermely
DINSMORE & SHOHL LLP
255 E. Fifth Street Suite 1900
Cincinnati, Ohio 45202
Phone: (513) 977-8200
Fax: (513) 977-8141
faith.whittaker@dinsmore.com
abby.chermely@dinsmore.com

*Attorneys for Vitas Hospice Services, L.L.C.*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing **ANSWER** was served by electronic mail using the Court's CM/ECF system on all counsel or parties of record.

This 2nd day of April, 2019.

/s/ Gregory A. Harrison
Gregory A. Harrison

*Trial Attorney for Defendant Vitas Hospice Services, L.L.C.*

14793291v1