# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| JAIME HAWN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 1:19cv220-MRB-SKB |
| vs. | ) |
| | ) Magistrate Judge Stephanie K. Bowman |
| | ) |
| | ) |
| VITAS HOSPICE SERVICES, L.L.C., | ) |
| | ) |
| Defendant. | ) |
| | ) |

**DEFENDANT VITAS HOSPICE SERVICES, L.L.C.'S MEMORANDUM IN SUPPORT OF ITS MOTION TO QUASH, OR IN THE ALTERNATIVE, MOTION FOR PROTECTIVE ORDER**

**I.    BACKGROUND/FACTS**

Without providing the required notice to Vitas, Plaintiff issued a subpoena *duces tecum* (the "Subpoena") to non-party AT&T seeking the contents of "any and all" text messages sent or received from July 1, 2016-October 31, 2018 on the cell phones of seven corporate Vitas employees, none of whom are parties to this lawsuit: Steven Smith, Bryan Wysong, Carlos Ortiz, Patrick Hale, Nick Westfall, Lyndsey Armstrong and Naresh Samlal. (*See* the Subpoena, attached as Exhibit 1.)  The Subpoena also asks AT&T to identify and provide any data held within the cloud, including SMS, MMS and email communications for the same time period. Notably, the Subpoena requests this protected and overbroad information from Vitas' Chief Executive Officer (Nick Westfall), Executive Vice President and Chief Information Officer (Patrick Hale) and Chief Technical Officer (Steven Smith), among other senior company leadership.

1

After the Subpoena had already been issued to AT&T, Plaintiff emailed Vitas a copy of the same. Vitas attempted to resolve its serious concerns regarding the Subpoena extra-judicially, asking Plaintiff to withdraw her deficient Subpoena, or in the alternative, to modify the Subpoena to make Vitas the recipient of any records in order to protect any privileged and irrelevant information. Plaintiff declined to do so.

The underlying litigation relates to Plaintiff's previous employment as an Internal Management Consultant at Vitas. Plaintiff alleges Vitas subjected her to a hostile work environment on the basis of her sex and retaliated against her when it issued appropriate discipline for her poor performance. Plaintiff also brings a claim under the Equal Pay Act and an Ohio Whistleblower Claim under Ohio Rev. Code 4723.33. (*See generally*, Doc. 1-1.)

Significantly, the parties have largely completed written discovery and have taken numerous depositions in this case. Despite this, there is no evidence that any text messages relevant to Plaintiff's claims actually exist. Additionally, to the extent non-privileged emails were discoverable, Vitas has already produced them during the course of discovery. Accordingly, Plaintiff is attempting to conduct an improper fishing expedition to find evidence to support her allegations, based entirely on speculation and guess work.

This Court should therefore exercise its broad discretion to regulate the discovery process and quash the Subpoena served on AT&T because: 1) it is facially deficient, as Vitas was not provided the required notice; 2) it constitutes an improper fishing expedition into privileged and confidential business information; 3) the Subpoena is overbroad and requests information wholly unrelated to Plaintiff's Complaint; and 4) disclosure of the contents of text messages and emails violates the Stored Communications Act.

**II.     STANDARD OF REVIEW**

Under Rule 45, the Court must quash any subpoena that "requires disclosure of privileged on other protected matter…if no exception or waiver applies[.]" Fed. R. Civ. P. 45(d)(3)(A)(iii). A party has standing to quash a non-party subpoena if it implicates protected material. *Id.; see also* Fed. R. Civ. P. 45(d)(3)(B)(i).  Moreover, a subpoena should be quashed when it seeks information beyond the scope of discovery permitted under Rule 26. *Hendricks v. Total Quality Logistics*, LLC, 275 F.R.D. 251, 253 (S.D.Ohio 2011).

**III.    ARGUMENT**

    **A.     The Subpoena is facially deficient because she failed to provide notice to Vitas before the subpoena was served.**

Rule 45(a)(4) provides that "notice must be served on each party" *before* the subpoena which "commands the production of documents is served." The purpose of the notice provision is to allow an opposing party a chance to object to the subpoena.

Here, Plaintiff's counsel sent a copy of the Subpoena on July 6, 2020, advising that it was a copy of the Subpoena "that has been sent to AT&T…" (*See* July 6, 2020 Email Correspondence, attached as Exhibit 2.) Plaintiff therefore violated Rule 45 by failing to provide notice to Vitas before it was issued to AT&T. For this reason alone, the Subpoena is deficient and should be quashed.

    **B.     The Subpoena should be quashed because it requires disclosure of privileged and other protected material.**

Fishing for any evidence to support her employment claims, the Subpoena requests "any and all" text messages and email correspondence from senior-level employees' company phones over a two and a half year period. Production of such documents would almost certainly include information protected by attorney-client privilege, as well as sensitive confidential and proprietary

3

business information. Accordingly, Rule 45 prohibits disclosure of such documents to Plaintiff. Fed. R. Civ. P. 45(d)(3)(A)(iii); Fed. R. Civ. P. 45(d)(3)(B)(i).

To be sure, Vitas is not suggesting that all text messages and email correspondence would contain privileged or confidential and proprietary business information. Rather, Vitas cannot make that determination without first reviewing the text messages and email correspondence sent and received over a two-year period by these seven senior-level employees. As a result, Vitas requested that Plaintiff modify her subpoena so that AT&T's production was sent to Vitas, which would give Vitas an opportunity to review the documentation first for privileged and protected information. Plaintiff refused to do so, forcing Vitas to avail itself of the protections of Rule 26 and Rule 45, because permitting this Subpoena to be enforced would grant Plaintiff carte blanche access to two and a half years of information and documentation exchanged by some of Vitas' highest ranking employees. Accordingly, because the Subpoena likely requests documentation that includes privileged and protected information, it should be quashed pursuant to Rule 45(d)(3)(A)(iii) and Rule 45(d)(3)(B)(i).

**C.     The Subpoena should be quashed because it requests irrelevant information.**

Additionally, the Subpoena must be quashed because it is seeks information entirely unrelated to Plaintiff's claims. The Subpoena's broad request is far beyond anything reasonably calculated to lead to the discovery of relevant evidence regarding Plaintiff's employment claims. Indeed, Plaintiff's Subpoena requests "any and all SMs/text messages sent and/or received," as well as email correspondence spanning well over two years from the cellphones of seven Vitas employees. Significantly, the Subpoena doesn't even bother to tailor the request to information

related to Plaintiff.[1] Instead, Plaintiff's requests are not reasonably tailored in any way to address the actual claims raised in her Complaint.

Moreover, only two of the seven cellphones that are the subject of Plaintiff's Subpoena—Bryan Wysong's and Naresh Samlal's— are company-issued phones. Accordingly, Plaintiff's overbroad Subpoena directed to personal phones also violates the privacy interests of Vitas' employees and requests an extensive amount of information that is wholly irrelevant to Plaintiff's claims.

This Court has regularly quashed subpoenas that seek irrelevant information. *Hogan v. Cleveland Ave Restaurant, Inc.*, S.D. Ohio No. 2:15-cv-2883, 2016 U.S. Dist. LEXIS 179160, **7-8 (Dec. 28, 2016) (Quashing a subpoena for documents and deposition testimony where "Plaintiff has failed to establish the relevance of the information sought to its underlying FLSA claims"); *Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 2553 (S.D. Ohio 2011) (Granting motion to quash because, among other reasons, "the Court concludes the subpoenas to plaintiffs' former employers and schools all seek irrelevant information. The Court likewise concludes that any subpoenas sent to subsequent employers of plaintiffs Cherry, Gross, Paskal, Hardin and Brown are irrelevant as no counterclaim exists against those plaintiffs."); *Kilroy v. Husted*, S.D. Ohio No. 2:11-cv-145, 2011 U.S. Dist. LEXIS 94827, *5 (Aug. 24, 2011) ("Defendant argues that Plaintiff's subpoenas should be quashed under Rule 45(c)(3)(A)(iv) as unduly burdensome because they seek irrelevant information. This Court agrees.").

Accordingly, both because Plaintiff's Subpoena is nothing more than a fishing expedition for information that likely doesn't exist and because it draws no connection whatsoever between

---

[1] Vitas has repeatedly requested that Plaintiff provide the passcode to her former company-issued cellphone so that Vitas could produce relevant information from her cellphone, including text messages and email correspondence. Plaintiff has claimed that she does not remember her passcode.

5

the information requested and the facts of this case, Plaintiff's overbroad Subpoena should be quashed.

      **D.**    **The Subpoena should be quashed because disclosure of the contents of messages by AT&T would violate the Stored Communications Act.**

The Stored Communications Act ("SCA") governs disclosure of the contents of electronic messages by "providers of communications" such as AT&T. *See City of Ontario, Cal. v. Quon*, 560 U.S. 746 130 S.Ct. 2619, 177 L. Ed. 2d 216 (2010). Under the SCA, AT&T "shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service, unless one of the specifically enumerated exceptions [] applies." 18 U.S.C. § 2702(a)(1). Disclosure of the contents of a communication is permitted when it is disclosed "to an addressee or intended recipient" or "with the lawful consent of the originator or an addressee or intended recipient…" 18 U.S.C. § 2702(b)(1) and (2). The SCA, however, does not include an exception for civil discovery subpoenas. *Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008) ("[A]s noted by the courts and commentators alike, § 2702 lacks any language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order.")

Here, there can be no question that none of the delineated exceptions apply, as Plaintiff was not the intended recipient of "any and all SMs/text messages sent and/or received" nor have the originators or intended recipients of the information given their consent. Accordingly, because AT&T is an "electronic communication service" as defined by 18 U.S.C. § 2702(a)(1), it may not disclose the contents of text messages or email communications. *See Baker v. Royce*, E.D.Mich. No. 1:14-CV-14035, 2015 U.S. Dist. LEXIS 192077, at *8 (June 26, 2015). For this additional reason, Plaintiff's Subpoena must be quashed.

IV. **CONCLUSION**

Plaintiff cannot demonstrate that the documents requested from AT&T are relevant to her claims. Rather than issuing a subpoena that narrowly tailored its request to include only potentially relevant documents, Plaintiff has requested all text messages and email from seven senior-level employees spanning over two years with absolutely no limitations as to scope. Accordingly, this Court should exercise its considerable discretion under the Rules and quash Plaintiff's Subpoena or issue an appropriate protective order.

Respectfully submitted,

*/s/  Gregory A. Harrison*
Gregory A. Harrison
Faith C. Whittaker
Abby E. Chermely
DINSMORE & SHOHL LLP
255 E. Fifth Street, Suite 1900
Cincinnati, Ohio 45202
Telephone: (513) 977-8200
greg.harrison@dinsmore.com
faith.whittaker@dinsmore.com
abby.chermely@dinsmore.com

**CERTIFICATE OF SERVICE**

I certify that on the date below, a true copy of this document was served by electronic mail on all counsel of record via CM/ECF.

Dated: July 20, 2020

*/s/ Gregory A. Harrison*
Gregory A. Harrison