UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAIME HAWN,

    Plaintiff,

v.

VITAS HOSPICE SERVICES LLC,

    Defendant.

Case No. 1:19-cv-220

Bowman, M.J.

**MEMORANDUM OPINION AND ORDER**

Plaintiff initiated this action in the Hamilton County Common Pleas Court against her former employer, alleging multiple claims of employment discrimination under state law, as well as under the Equal Pay Act. On March 26, 2019, Defendant removed the case to this Court on the basis of federal question jurisdiction.[1] Presently before the Court is Defendant's motion to quash, or in the alternative, for a protective order. (Doc. 22).

**I.  Background**

Defendant Vitas Hospice Services, LLC ("Vitas") previously employed Plaintiff as an Internal Management Consultant. The parties have largely completed written discovery and have taken numerous depositions. (*See* Doc. 23, noting the parties' completion of extensive fact discovery and depositions of witnesses). Nevertheless, the Court recently extended the discovery deadline to October 16, 2020, in part to allow the parties additional time to explore the possibility of settlement.

---

[1] Although the complaint originally identified Plaintiff's employer as Vitas Healthcare, the Court entered an Agreed Order on May 10, 2019 that amended the complaint to substitute Vitas Hospice Services, LLC as the sole Defendant.

1

Defendant's motion challenges a subpoena issued to non-party AT&T that seeks the contents of "any and all" text messages sent or received by seven of Defendant's employees, over a more than 2-year period, from July 1, 2016 through October 31, 2018. The seven employees include Defendant's CEO, the Executive Vice President and Chief Information Officer, and Chief Technical Officer, among others.  Defendant points out that none of the seven employees are defendants, and five of the cell phones identified by Plaintiff are the employees' personal cell phones, with just two employees having been issued company phones.

Defendant objects to the subpoena on multiple grounds: (1) based on an alleged technical deficiency, because Plaintiff failed to provide sufficient notice to Defendant under Rule 45; (2) because the subpoena "constitutes an improper fishing expedition into privileged and confidential business information"; (3) because the subpoena is overbroad and seeks irrelevant information; and (4) because the subpoena violates the Stored Communications Act.

## II. Analysis

### A. Deficient Notice

Plaintiff notified Defendant informally by email of the issuance of the subpoena, using past tense language that suggested that the subpoena "has been sent to AT&T." Under Rule 45(a)(4), "notice must be served on each party" *before* the subpoena is served on the non-party, in order to allow the non-party sufficient time to object.  Despite the ambiguous language of the email, Plaintiff asserts in its response that she sent the email notification prior to mailing the subpoena to AT&T, although she does not specify precisely how much time elapsed between those two events.

2

In its reply memorandum, Defendant concedes that AT&T has stated that it will not respond to the subpoena until it is informed of this Court's ruling. Although the issue is moot on the record presented, the undersigned strongly encourages Plaintiff's counsel to adhere to the notice provisions of Rule 45 in the future. Advance informal "notice" via email transmitted shortly before the subpoena is served does not comport with the intent of the rule. *See Flagg v. City of Detroit*, 2008 WL 787039 at 1 (E.D. Mich. March 20, 2008) (expressing concern over the timing and form of counsel's notice, and instructing counsel to "adhere strictly to both the letter and spirit of Rule 45's command of prior notice"); *see also* Advisory Committee Notes (explaining that 2013 amendment of notice provision is "intended to achieve the original purpose of enabling the other parties to object….").

## B. Privilege

In addition to seeking "any and all" texts from 7 different employees over such a lengthy time period, the subpoena asks AT&T to identify and provide any data held within the cloud, including SMS, MMS and email communications for the same time period. Defendant protests that the breadth of the subpoena would invariably capture some information protected by attorney-client privilege as well as sensitive confidential and proprietary business information that is otherwise protected from disclosure. *See* Rule 45(d)(3)(A)(iii) and Rule 45(d)(3)(B)(i). Defendant states that it has already produced all non-privileged emails relevant to this case.

In response, Plaintiff dismisses Defendant's concern as "meritless" and "questionable," arguing that the text messages are being sought "from employees who would almost certainly not have been texting company counsel." (Doc. 24). In reply,

3

Defendant concedes that "the likelihood is low" for three of the employees whose data is sought, but "much more likely" for the other four employees, which include senior managerial employees. Moreover, Plaintiff's response wholly ignores Defendant's legitimate concern that there is a strong likelihood that other confidential and/or proprietary business information would be included in AT&T's response. In addition to being subject to redaction on that basis, Defendant contends that such information would be irrelevant to any claim.

Vitas argues that it cannot make the determination of how much of the captured information would be subject to privilege without first reviewing the text messages and email correspondence. In fact, prior to filing its motion, Defendant asked that Plaintiff modify the subpoena so that AT&T's production would be sent to Vitas, which then would provide Defendant with the opportunity to first review the documentation for privilege. Defendant states that its offer would have allowed the package of responsive documents from AT&T to remain sealed until such time that Plaintiff's counsel could be present to verify if any text messages were produced.[2] Plaintiff declined that offer.

**C. Relevancy**

In addition to its objections based on privilege, Defendant argues that the subpoena is so overbroad, that it is "far beyond anything reasonably calculated to lead to the discovery of relevant evidence regarding Plaintiff's employment claims." (Doc. 22-1 at 4). The subpoena seeks information from the personally owned phones of five employees, as well as information from employees who had no supervisory role over

---

[2] As a practical matter, Vitas believes it "unlikely" that AT&T has retained messaging information from two to four years ago unless the information was backed up to the AT&T cloud.

4

Plaintiff.³ The subpoena does not limit production in any way other than the 28-month time period.

Defendant complains that Plaintiff has failed to explain the relevancy of such a broad scope of materials. For example, notwithstanding that substantial discovery already has been completed,⁴ Plaintiff points to no evidence at all that any relevant text messages exist. If Plaintiff had permitted defense counsel to first review the production, Vitas would have been able to ensure that any information was relevant and that personal information would not be mistakenly or inadvertently disclosed or misused, such that Defendant could assure its employees that it had taken reasonable steps to protect their personal information and privacy.

Plaintiff's response to Defendant's challenge on relevancy grounds is brief:

> The relationships between the employees are an issue in this case, it is clear that text messages that address those subjects would be appropriate, and need to be considered in detail. It is clear looking at text messages between the employees will shed light on patterns of communication between them, and contain information reasonably calculated to lead to discoverable evidence….

(Doc. 24 at 2).

The undersigned finds Plaintiff's showing of relevancy to be extremely conclusory and insufficient, and finds Defendant's objection on relevancy grounds to be well-taken.

> If the discovery sought appears "relevant on its face, the party resisting the discovery has the burden to establish the lack of relevance" but "when relevancy is not apparent on the face of the request, the party seeking the discovery has the burden to show the relevancy of the request."

---

³The complaint alleges that two of the seven, the Chief Information Officer (Steve Smith) and Chief Technical Officer (Patrick Hale) were her supervisors. (Doc. 4 at ¶9)
⁴Given that Defendant has already produced relevant emails, it argues that any relevant emails would be duplicative. Plaintiff does not dispute that assertion.

5

*Hendricks v. Total Quality Logistics, LLC*, 275 F.R.D. 251, 253 (S.D. Ohio 2011) (quoting *Transcor, Inc. v. Furney Charters, Inc.*, 212 F.R.D. 588, 591 (D. Kan. 2003)).

In considering the issues presented, the undersigned takes heed of the experience of the Eastern District of Michigan in *Flagg ex rel Bond v. City of Detroit*. There, the Court itself resolved to initially screen *in camera* the production of text messages of certain City employees over roughly a 2-year period for relevancy and privilege, prior to producing the pertinent texts to the plaintiff. *Flagg v. City of Detroit*, 252 F.R.D. 346 (E.D. Mich. 2008). After a group of judges "painstakingly reviewed 626,638 text messages…under the broad standard of Rule 26," the Court determined that "only 36 are arguably relevant to the claims, defenses or subject matter of this case, or could be considered as 'reasonably calculated to lead to the discovery of admissible evidence.'" *Flagg ex rel. Bond v. City of Detroit*, 2009 WL 3388477 (E.D. Mich. Oct. 19, 2009) (internal citation omitted, emphasis added). The court noted that "[a] significant number of the texts center around the romantic adventures and misadventures of City employees and others," while others involved "discussion of sporting events, vacations, lunch plans, humor, workplace complaints, and general chit-chat unrelated to this case." *Id.* at *2-3[5]; *see also Baker v. Royce*, 2015 WL 13584586 (E.D. Mich. June 26, 2015) (holding that the defendant possesses a right of privacy in her cell phone records, and that text messages sought by subpoena were not "reasonably calculated to lead to the discovery of admissible evidence."). Human experiences suggests that the production of the wide-ranging materials sought by the subpoena issued to AT&T in this case would yield a similarly

---

[5]The Michigan court conveys a clear sense of dismay at the scope of the task, stating that the "sheer volume was staggering…[and] took much more time than we anticipated to review…with the close attention required for a careful analysis." *Id.* at *1.

minute (if any) amount of relevant material. The discovery rules were not designed to permit fishing expeditions.

Despite the fact that Plaintiff has failed to meet her burden to establish relevancy, the undersigned nevertheless has reviewed the complaint for facial relevance. The complaint alleges that Plaintiff was discriminated against on the basis of her gender when she was promoted but paid approximately $50,000 less than her male predecessor. (Doc. 4 at ¶¶8).[6] She alleges that after she complained about the offensive conduct in November 2017, as well as about the fact that she was being paid far less than her predecessor, she was moved to a "supernumerary position." (*Id.* at ¶11-12). The only reference to communications in the complaint is to oral communications that allegedly occurred between the two IT male supervisors and unidentified "other male members of the IT leadership team." (Doc. 4 at ¶10). Plaintiff alleges that during videoconference calls on unspecified dates, the males would put their microphones on "mute" in order to make jokes about the Plaintiff, call her "bimbo," and allege (falsely) that "the only reason she was still employed was because she slept with the male Chief Executive Officer." (*Id.*) Other than the reference to clearly offensive alleged verbal remarks, there are no allegations that suggest the relevancy of text messages or other electronic data sent or received by any of the seven employees over the 28 month period.

### D. The Stored Communications Act

Last but not least, Defendant argues that the Stored Communications Act ("SCA") would preclude compliance with the subpoena. AT&T falls within the definition of an "electronic communication service" under the Act. Under the SCA, then, AT&T "shall not

---

[6]Plaintiff's complaint alleges pay discrimination after her promotion in October 2016, yet the subpoena seeks broad information dating to months before that date.

knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service, unless one of the specifically enumerated exceptions [] applies." 18 U.S.C. § 27-2(a)(1). Disclosure is permitted "to an addressee or intended recipient" or "with the lawful consent of the originator or an addressee or intended recipience…." 18 U.S.C. § 2702(b)(1) and (2). However, the SCA does not include an exception for civil discovery subpoenas. *See Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008); *Baker v. Royce*, 2015 WL 13584586 at *3. Plaintiff does not respond to the Defendant's argument concerning the SCA.[7]

### III. Conclusion and Order

The Court being fully advised, **IT IS ORDERED** that Defendant's motion to quash the subpoena issued to AT&T (Doc. 22) is **GRANTED**.

> *s/ Stephanie K. Bowman*
> Stephanie K. Bowman
> United States Magistrate Judge

---

[7] In *Flagg*, the court fashioned a work-around to this dilemma by concluding that the text messages remained within the City's "control" and therefore could be obtained from the service provider at the City's request under Rule 34(a)(1). *See id.*, 252 F.R.D. at 352-53. The undersigned finds no need for a work-around in this case, based upon Plaintiff's complete failure to show that the information sought by the subpoena is sufficiently relevant to authorize any disclosure. Furthermore, 5 of the 7 cell phones are personal phones and thus, arguably not even within the Defendant's "control."

8