UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JAMIE HAWN,

    Plaintiff,

v.

VITAS HOSPICE SERVICES, LLC,

    Defendants.

Case No: 1:19-cv-220
Bowman, M.J.

## MEMORANDUM ORDER AND OPINION

Plaintiff Jamie Hawn initiated this employment discrimination suit in state court, but Defendant Vitas Hospice Services, LLC ("Vitas") properly removed the case to this Court under federal question jurisdiction.[1] (Doc. 1, 2, 4). The matter is presently before the undersigned on Defendant's unopposed motion for summary judgment. For the reasons that follow, Defendant's motion will be GRANTED.

**I.    Background**

Although Plaintiff was represented by counsel through an extensive discovery period, counsel was permitted to withdraw on November 9, 2020. (Minute entry). At that time, Plaintiff was advised that if she did not obtain new counsel, the case would move forward with Plaintiff proceeding pro se.[2] On May 10, 2021, Defendant filed a motion for summary judgment on all claims, indicating service of the motion by electronic mail using the Court's CM/ECF system. (Doc. 39). When Plaintiff failed to file any timely response

---

[1] Although the complaint originally identified Plaintiff's employer as Vitas Healthcare, the Court entered an Agreed Order on May 10, 2019 that amended the complaint to substitute Vitas Hospice Services, LLC as the sole Defendant
[2] Plaintiff participated in several telephone conferences with the Court, confirming her interest in prosecuting her case pro se after she was unable to obtain new counsel.

to the Defendants' motion, the undersigned issued an "Order to Show Cause," instructing Plaintiff to "Show Cause" on or before July 6, 2021 why Defendant's motion should not be construed as unopposed and granted for the reasons stated.[3] Although Plaintiff previously had been ordered to obtain a PACER account,[4] it does not appear that she did so and the Court served Plaintiff with a copy of the "Show Cause" Order by regular mail. That mail was not returned, creating a presumption of receipt. Plaintiff failed to respond to the Show Cause order.

II. **Analysis**

A. **Standard of Review**

In a motion for summary judgment, "a court must view the facts and any inferences that can be drawn from those facts ... in the light most favorable to the nonmoving party." *Keweenaw Bay Indian Comm. v. Rising*, 477 F.3d 881, 886 (6th Cir. 2007) (internal quotation marks omitted). "Summary judgment is only appropriate 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' " *Id.* (quoting Fed. R. Civ. P. 56(c)) (internal quotation marks omitted). "Weighing of the evidence or making credibility determinations are prohibited at summary judgment-rather, all facts must be viewed in the light most favorable to the non-moving party." *Id.*

---

[3]The Order erroneously referred to a future "Report and Recommendation to the District Judge that the pending motion be granted." (Doc. 41 at 2). No such Report and Recommendation is necessary because the parties previously consented to the exercise of plenary jurisdiction by the undersigned magistrate judge. *See* 28 U.S.C. § 636(c).
[4]*See* Minute Entry filed March 16, 2021, granting Plaintiff's oral motion for electronic filing privileges and directing her to obtain a PACER account.

The requirement that facts be construed in the light most favorable to the Plaintiff, however, does not mean that the court must find a factual dispute where record evidence contradicts Plaintiff's unsupported allegations. After a moving party has carried its initial burden of showing that no genuine issues of material fact remain in dispute, the burden shifts to the non-moving party to present specific facts demonstrating a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S.Ct. 1348 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen–Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50, 106 S.Ct. 2505 (1986). The non-moving party's evidence "is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255, 106 S.Ct. 2505. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251–52, 106 S.Ct. 2505. To demonstrate a genuine issue of fact, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts.... Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" *Matsushita*, 475 U.S. at 587, 106 S.Ct. 1348 (citation omitted).

### B.  Defendant is Entitled to Judgment on All Claims

Plaintiff in this case has failed to oppose Defendant's well-supported motion for summary judgment, and therefore has failed to demonstrate the existence of any genuine issue of material fact.  There is a question as to whether Plaintiff received a copy of Defendant's motion at the time of filing, since Defendant's motion does not reflect service

3

by mail on the *pro se* Plaintiff. The Sixth Circuit repeatedly has confirmed the propriety of granting summary judgment when a non-moving party fails to demonstrate the existence of a genuine issue of material fact even in cases in which a pro se plaintiff has not been served with the original motion. *See McKinnie v. Roadway Express, Inc*., 341 F.3d 554, 558 (6th Cir. 2003). Here, regardless of whether Plaintiff received original service of Defendant's motion, she is presumed to have received a copy of the Court's "Show Cause" order alerting her of the consequences of her failure to respond to the motion. "Ordinary civil litigants proceeding *pro se…* are not entitled to special treatment, including assistance in regards to responding to [dispositive] motions." *Id.*, (citing *Brock v. Hendershott,* 840 F.2d 339, 343 (6th Cir.1988)).

The Court has carefully reviewed Defendant's motion and all supporting exhibits, including but not limited to Defendant's Statement of Undisputed Facts. (*See* Docs. 39, 40). Because Defendant's Statement of Facts is well-supported and unopposed, the Court adopts that Statement as if fully restated herein. (*See* Doc. 40). Based upon the lack of any disputed issues of material fact, Defendant is entitled to judgment as a matter of law on all claims. However, the court will briefly address each claim.

First, Plaintiff's equal pay claims fail as a matter of law because Plaintiff did not perform equal work to her prior supervisor, Andrew Gallimore, who had significantly more responsibility. In addition, Vitas has articulated legitimate, non-discriminatory factors other than sex that justify the pay disparity, including but not limited to Plaintiff's lower level of experience and training and lower salary history. Also, Plaintiff's claims under O.R.C. §4111.17 are time-barred, and her Equal Pay Act claims are partially time-barred to the extent that she claims any violation of that statute for conduct occurring prior to February of 2017.

Second, Vitas is entitled to judgment on Plaintiff's hostile work environment claim. Plaintiff has failed to demonstrate an objectively or subjectively hostile work environment. In fact, Plaintiff was not even aware of the allegedly harassing behavior until after her transfer. On the undisputed record presented, Plaintiff cannot prove that any allegedly harassing behavior was based on her sex, or that it was severe and pervasive. Defendant also has demonstrated that it exercised reasonable care to prevent and remedy any sexually harassing behavior in its workplace. Thus, Plaintiff cannot establish a *prima facie* case of hostile work environment based on sex and her claim fails as a matter of law.

Third, Plaintiff's disability and sexual harassment retaliation claims under O.R.C. §4112.02 fail as a matter of law because Plaintiff cannot establish a *prima facie* case, refute Vitas' legitimate non-retaliatory reason for her termination, or demonstrate pretext. Plaintiff's related claim under O.R.C. § 4723.33 fails as a matter of law because at no point did Plaintiff work in a patient care position covered by that statute.

Fourth, Plaintiff's whistleblower claims fail for the same reason as her retaliation claims under O.R.C. §4112.02. In addition, Plaintiff failed to participate in whistleblower activity protected by the statutes. Her complaints were not about criminal acts or an imminent threat to health or safety, she did not strictly follow the reporting requirements of the statute, and she cannot show any causal connection between her alleged complaints and an adverse employment action.

### III.  Conclusion and Order

Accordingly, **IT IS ORDERED THAT** the Defendants' motion for summary judgment on all claims (Doc. 39) be **GRANTED.**  Therefore, the pending trial date is **VACATED** and this matter is **CLOSED.**

                                      *s/Stephanie K. Bowman*
                                      Stephanie K. Bowman
                                      United States Magistrate Judge